## Overstreet *v.* The State.

Hearsay evidence is not admissible in a state prosecution for fornication.

ERROR to the circuit court of Holmes county.

This was an indictment against Overstreet for living in fornication. Plea, not guilty. On the trial, the attorney for the state proposed, and offered to prove, that, it " was common report in the neighborhood, that the defendant, and one Sarah Hamilton, lived together in fornication," which proof was objected to by defendant's counsel. Objection overruled, and opinion of the court excepted to.

Objections were taken to the indictment, but they are not necessary to be stated.

Fitch, for plaintiff in error.

1. It was error in the court below, to refuse to quash the indictment.

2. It appears, from the record, that the indictment was found under the direction, and signed by Robert S. G. Perkins, district attorney *pro tem.*, and not by a legal district attorney.

3. The court admitted improper and illegal testimony to go to the jury, as stated in the bill of exceptions; wherefore, the said plaintiff in error prays, that said judgment for the errors aforesaid and other errors in the record and proceedings aforesaid, may be set aside, and reversed, &c.

Collins, Attorney General, *contra*.

The record may not show that the grand jurors were good and lawful, or that they are freeholders or householders. For all men are presumed by law, to be good and lawful men, until the contrary appear. See opinion of this court, in the cases of Woodsides *v.* The State, 2 How. Rep. 655; and Byrd *v.* The State, 1 How. Rep. 247; also the case of Farish *v.* The State, 2 *Ibid.* 826

[Overstreet *v.* The State.]

Hearsay testimony may be admitted, to prove the general character in which parties live together, so the party introducing it, does not undertake to prove any particular facts, or fact, by the hearsay testimony, but only the general reputation of the manner in which the parties lived.   Norris's Peak, p. 27.   If the bill of exceptions showed that the hearsay testimony was the only proof offered by the state, there would be some ground for a doubt on the subject.

Mr. Justice Trotter delivered the opinion of the court.

The plaintiff in error was indicted in the circuit court of Holmes county, for the offence of fornication.   On the trial, the attorney for the state offered, in support of the prosecution, testimony that it was the general reputation in the neighborhood of the defendant's residence, that the defendant and Sarah Hamilton did live together in a state of fornication, as charged in the indictment.   This proof was objected to, but admitted by the court, to go to the jury.   The error assigned is, the admission of this testimony.   The charge in the indictment is of a specific offence, and must be proved in the way that all other offences are established; that is, by proof in the mode pointed out by law.   It is a general rule, that hearsay evidence is not admissible.   And the cases which have been made exceptions to this rule, have proceeded upon the ground of necessity alone.   This is not a case which falls within any of the reasons of the exceptions.   And besides, in this case, the witness states the strongest possible reason for excluding it, which is, that he believed the neighbors who had spoken of the cohabitation knew nothing about it.

Let the judgment be reversed, and a *venire de novo* awarded.