### OVERSTREET *v.* THE STATE, 3 Howard, 328.

#### FORNICATION.

The general rule is that hearsay evidence is not admissible. The exceptions to this rule are grounded alone upon necessity. The offense of fornication, charged in the indictment, is one of a specific character, not falling within those exceptions, and must be proved in the mode pointed out by law.[1]

Error to Holmes circuit court.

This was an indictment against Overstreet for living in fornication. Plea, not guilty. On the trial the attorney for the state proposed and offered to prove, that it " was common report in the neighborhood, that the defendant and one Sarah Hamilton lived together in fornication," which proof was objected to by the prisoner's counsel. The objection was overruled and exceptions taken to this opinion of the court.

Objections were also made to the indictment, but it is unnecessary to state them.

*Fitch,* for plaintiff in error, contended:

1. It was error in the court below, to refuse to quash the indictment.

[1] Wharton Am. Cr. Law, 668.

2. It appears from the record that the indictment was found under the direction, and signed by Robert S. G. Perkins, district attorney *pro tem.*, and not by the legal district attorney.

3. The court admitted improper and illegal testimony to go to the jury, as stated in the bill of exceptions; wherefore the said plaintiff in error prays, that said judgment for the errors aforesaid, and other errors in the record and proceedings aforesaid, may be set aside, and reversed, &c.

*Thomas F. Collins,* attorney general.

The record may not show that the jurors were good and lawful men, or that they were freeholders or householders. For all men are presumed to be good and lawful men unless the contrary appear. Woodsides v. State, 2 How., 247; Farish v. State, ib., 826.

Hearsay testimony may be admitted to prove the general character in which parties live together, so the party introducing it, does not undertake to prove any particular facts or fact by the hearsay testimony, but only the general reputation of the manner in which the parties lived. Norris' Peake, 27. If the bill of exceptions showed that the hearsay testimony was the only proof offered by the state, there would be some ground for doubt on the subject.

TROTTER, J.:

The plaintiff in error was indicted in the circuit court of Holmes county, for the offense of fornication. On the trial the attorney for the state offered, in support of the prosecution, testimony that it was the general reputation in the neighborhood of the defendant's residence, that the defendant and Sarah Hamilton did live together in a state of fornication as charged in the indictment. This proof was objected to, but admitted by the court to go to the jury. The error assigned is, the admission of this testimony. The charge in the indictment is of a specific offense, and must be proved as all other offenses are established; that is, by proof pointed out by law. It is a general rule that hearsay evidence is not admissible; and the cases which have been made exceptions to this rule, have proceeded upon the

ground of necessity alone.    This is not a case which falls within any of the reasons of the exceptions.    And besides, in this case, the witness states the strongest possible reason excluding it, which is, that he believed the neighbors who had spoken of the cohabitation knew nothing about it.

Let the judgment be reversed, and a *venire de novo* awarded.