STATE OF MISSISSIPPI *v.* FRANK KEY ET AL.

[46 South., 75.]

**1.** CRIMINAL LAW AND PROCEDURE. *Appeal of state. Attorney-general. Power and prerogative of.*

The attorney general may prosecute an appeal for the state in cases wherein it has the right to appeal.

**2.** SAME. *Code* 1906, § 40.

Code 1906, § 40, giving the state the right to appeal from designated adverse judgments in criminal cases, does not authorize an appeal from a judgment granting bail to a defendant in a murder case.

**3.** SAME. *Bail in murder cases. Limitations on.*

Bail should not be granted after indictment in murder case, unless peculiar circumstances render it proper. *Hill v. State*, 64 Miss., 431; 1 South., 494, *approved.*

From the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Key and another, appellees, were indicted for murder and upon the continuance of their case the circuit court granted them bail; the district attorney manifested no displeasure at the grant, but the attorney general prosecuted an appeal in behalf of the state, from an order of the circuit court, admitting appellees to bail. Appellees were under indictment for murder, and had, previously to the finding of the indictment, sued out a writ of *habeas corpus* before the chancellor, and been denied bail. After the indictment had been returned, both the state and the defendants were ready for trial; but the circuit judge, because the term of the court was so far advanced and the press of other important business so great, would not enter upon the trial of the case at that term of the court. The district attorney having agreed that bail should be granted each of the defendants in the sum of $10,000, the court entered an order accordingly.

The right of the attorney general to take an appeal for and in

behalf of the state was questioned upon the ground that no one could represent the state in so doing but the district attorney, and upon the further ground that an appeal would not lie in any event in this case, the same not being within Code 1906, § 40, which is as follows:

"40 (39). *State or Municipality may Appeal in Certain Criminal Cases.*—The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases: (1) From a judgment sustaining a demurrer to, or a motion to quash, an indictment, or an affidavit charging crime; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense. (2) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the supreme court shall nevertheless decide the question of law presented. (3) From a ruling adverse to the state or municipality in every case in which the defendant is convicted and prosecutes an appeal; and in such case the whole record shall be carried before the supreme court on the direct appeal, and the case shall be treated as if a cross-appeal had been formally prosecuted by the state. All questions of law thus presented shall be decided by the supreme court."

Appellees moved for the dismissal of the appeal.

*Witherspoon & Witherspoon,* for the motion.

The district attorney having agreed to the order refused, of course, to take a bill of exceptions and refused to apply for an appeal and the attorney general has no power or authority to represent the state or to practice in the circuit courts, except to assist the district attorney. Code 1906, § 184 provides that the attorney general shall prosecute and defend all causes in the supreme court to which the state is a party, and Code 1906, § 190 provides that when the public service requires

or the governor directs the attorney general shall "assist the district attorney in the discharge of his duties and many other duties are imposed upon the attorney general by other sections of the code, but no statute authorizes the attorney general to supplant and to take the place of the district attorney and to substitute himself for the district attorney in representing the state in a murder case in the circuit court.

The record clearly shows that the order appealed from was entered by consent of the state and the defendants and section 33 of the Code clearly provides that no appeal shall lie from a judgment by consent.

The appeal should be dismissed because the order appealed from is interlocutory and not final. Code 1906, § 33; *State* v. *McDowell,* 72 Miss., 138, 17 South., 213.

The right of appeal is purely statutory and never exists unless the statute authorizes it. Section 40 of the Code is the one fixing the right of appeal by the state and it clearly enumerates the cases in which the state can appeal. Orders of continuance and granting bail are not among the cases in which the state can appeal. No appeal lies from an order granting bail. *State* v. *Shrader,* 72 Miss., 541, 18 South., 454.

*R. V. Fletcher,* attorney-general, and *W. N. Ethridge, contra.*

Appellees overlook the common law authority of the attorney general. That officer has not only such powers as are conferred expressly upon him by statute, but in addition thereto has certain powers belonging to the office at common law. As the chief law officer of the state he is vested with authority in a case when, in his judgment, the district attorney has neglected or misconceived his duty, to bring a case before this court for review; provided, of course, that it is such a case as can be appealed. If it be admitted that the district attorney has the exclusive power to manage a case as long as it remains in the circuit court, it can not be successfully contended, when a case in the circuit court has been ended, that the attorney general has no right, in the nature of things, to bring the case before the supreme

court for review. Thus it is said: "The attorney general may appeal from a judgment taken by consent of the district attorney, or when the latter declines to present an appeal." 4 Cyc. 1032-3 and authorities there cited.

Much more serious is the contention that the state has no right to appeal in a case of this sort. This view seems to be sustained by the case of *State* v. *Shrader,* 72 Miss., 541, 18 South., 454. However, this case was decided alone upon the provisions of Section 40 of the code and altogether ignores Section 36. The latter statute provides that the attorney general or any district attorney may appeal in a case where any person held in service by this state or by the United States shall be discharged by any judge in vacation or any court or *habeas corpus.*

Now, while the appellees in this case were not discharged as the result of any *habeas corpus* proceedings, the effect was the same since the court assumed to discharge the prisoners without a formal hearing. It is respectfully submitted that the circuit judge does not have unlimited authority or power to discharge prisoners without authority of law beyond the power of the supreme court to review his action. It was certainly the purpose of Section 36 to allow a judgment of this kind to be reviewed exactly as if there had been a writ of habeas corpus awarded a judgment thereon adverse to the state.

WHITFIELD, C. J., delivered the opinion of the court.

The state is not allowed to appeal in a criminal case, except in the specific instances named in Code 1906, § 40. This appeal is prosecuted from the judgment of the circuit court in allowing these parties, indicted for murder, bail in the sum of $10,000 each on the continuance of the case until next term. Manifestly an appeal from this sort of judgment is not embraced within the terms of said section 40. The point made that the attorney general could not take this appeal if it had been by law allowed, is untenable. Under common-law authority it was perfectly proper for him to have prosecuted the appeal on behalf of the state, if the appeal had been allowed by law.

The action of the circuit court in granting bail under the circumstances to parties indicted for murder and who had not been tried was manifestly void.    It had no authority to make any such order.    There has been entirely too lax a line of conduct on the part of circuit courts in the state, in many instances fall-. ing under our observation, in granting bail to convicted felons. The case of *Hill* v. *State,* 64 Miss., 431, 1 South., 494, lays down the true rule on the subject; and, unless the case is brought squarely and precisely within the doctrine announced in that case, no felon who is convicted should be allowed bail.    The administration of the criminal laws of the state calls for these observations, and they are made in the hope that they will be heeded, and the lax system heretofore prevailing discontinued.