BUCK HARVEY v. STATE OF MISSISSIPPI.

49 South. 268.]

1. CRIMINAL LAW AND PROCEDURE. *Intoxicating liquors. Sales. Code 1906, § 1762. Evidence. More than one sale.*

Code 1906, § 1762, authorizing the state in prosecutions for the unlawful sales of intoxicating liquors to introduce evidence showing more than one sale, does not render admissible evidence of sales the prosecution of which is barred by limitation, nor evidence of other sales not sufficiently certain to justify a conviction.

2. INSTRUCTIONS. *Circuit court. Practice. When to be acted upon. When read to jury.*

It is reversible error for a trial court to require the argument of a case to the jury to precede action on instructions asked, and it is also error to refuse to allow the instructions to be read to the jury before argument concluded. MAYES, J., in concurring opinion.

FROM the circuit court of Covington county.

HON. ROBERT L. BULLARD, Judge.

Harvey, appellant, was indicted and tried for and convicted of unlawfully selling intoxicating liquors, and appealed to the supreme court. The facts of which the opinions of the judges are predicated are sufficiently stated in them respectively.

*W. U. Mounger & Watkins & Watkins,* for appellant.

Appellant was convicted upon the testimony of a negro, Ainsworth, to the effect that he had purchased whiskey from the defendant on the 5th. day of June, 1905, or thereabout and at other time, without specifying when and where. The state should have confined the proof to the sale testified to by Ainsworth on the 5th. day of June, 1905.

If the state had the right to introduce the evidence of other sales, than that testified about by Ainsworth on the 5th. day of June, 1905, then in that event, the time and place of such sales should have been specified. Under the rulings of the trial court it did not make any difference whether the sale was within two years of the indictment, whether the sale was in Covington county or in Smith county, in Texas or Mississippi, if he had ever sold whiskey to Ainsworth he was guilty. If it be admissible at all in this case to prove more than one sale, it must have been within two years of the indictment. *Thomas v. Yazoo City, ante,* p. 395, 48 South. 821. The court below even refused to give the defendant an instruction that the jury must believe that the sale occurred prior to the indictment. After making all these errors against the defendant the court compelled counsel for defendant to argue the case before it passed

upon the instructions and refused to allow defendant's counsel to see the instructions until after they had argued the case.

*George Butler,* assistant attorney-general, for appellee.

Under Code 1906, § 1762 the State was not confined to any particular sale. *Thomas v. Yazoo City, ante,* p. 395, 48 South. 821.

It is true that the court says in *Montgomery v. State,* 85 Miss. 330, 37 South. 835, that the correct practice under our system is for the court to pass on all instruction asked on both sides before the argument to the jury and this doctrine was re-affirmed in the case of *Boykin v. State,* 86 Miss. 481, 38 South. 725.

There is nothing, however, in Code 1906, § 793, that requires the instructions to be given before the argument is begun and the practice in a great many of the states is to charge as to the law of the case after the arguments have been completed. No one gets any advantage by this procedure, the jury is not misled by comments of counsel as to what the instructions mean. In this manner the instructions appear to be the law of the case as given by the court, and not the discourse of counsel for either party.

SMITH, J., delivered the opinion of the court.

Appellant was convicted in the court below on an indictment charging him with the unlawful sale of intoxicating liquors. One such sale was shown by the evidence of the witness Ainsworth, who was then permitted to testify, over the objection of appellant, that he had been purchasing whisky from appellant prior to the time of said sale, without specifying any particular sale, or when or where the same took place. This action of the court, among other things, is assigned as error.

There was a sharp conflict in the evidence. It is true that under section 1762 of the Code of 1906 the state, on the trial of a case of this character, is not confined to proof of a single

sale; but, if proof of other sales is made, it must appear that they are not barred by the statute of limitations, and they must be proven with the same degree of certainty that the one sale necessary to convict must be proven.

The admission of this testimony was, therefore, fatal error, and the judgment is *reversed* and case *remanded.*

MAYES, J., delivered the following specially concurring opinion.

The opinion in chief omits to make mention of a question raised by the special bill of exceptions which, in my judgment, is most important to the rights of litigants. While I concur in the opinion of the majority, yet it is my judgment that the opinion should assign as the important and prominent cause for reversal the action of the court as shown by the special bill of exceptions, since it is my judgment that the court exceeded its power, both when it refused to pass on the instructions before argument and additionally when it refused to let the instructions be read to the jury until after the argument was made. I should feel bound under the law to insist on the reversal of any cause where the trial judge refused to act on the instructions until after argument to the jury, or where he has acted, but refuses to let the instructions be read to the jury until after the case is argued to them. Under the law I think the litigants have this right, and that it cannot, in any case, be denied them.

The special bill of exceptions shows the following, viz.: "Before the instructions were passed upon by the court, the court ordered counsel to proceed to the argument. The defendant objected to the argument being made before the instructions were passed upon by the court and given to counsel, which objection the court overruled, to which action of the court the defendant then and there excepted and still excepts. And before beginning the argument for the defense, counsel for the defendant requested the court to give him the instructions for the defendant, in order that he might read them to the jury during

his argument. This the court refused to do, and said that the court would have the instructions read to the jury after the argument, when they had been fully passed upon, to which action of the court the defendant then and there excepted and still excepts. And again during the argument of the case by counsel for the defendant, and while the court held the instructions in his hand, counsel for the defendant turned to the court and requested of the court the possession of the instructions for the defendant, which request the court refused, but required the instructions to be read to the jury after the argument, to which action of the court the defendant then and there excepted and still excepts." Section 793 of the Code of 1906 clearly contemplates that the instructions governing the case shall be settled and read to the jury before argument. As was said in the case of *Montgomery v. State,* 85 Miss. 330, 37 South. 835, the correct practice is for the court to pass on the instructions before the argument to the jury begins. Of course, as the court holds in the above case, on rare and emergent occasions it may become necessary for the court to give additional instructions not granted before the beginning of the argument; but such practice should be limited to "rare and emergent occasions," and even then the court should allow the opposite party such additional privilege as to argument and preparation of countercharges as justice requires.

It is true that section 793 of the Code of 1906 does not say in express terms that the instructions shall be given by the court and read to the jury before the argument begins; but a review of the practice which existed before there was any statute on this subject, if tradition be true, coupled with the contemporaneous construction of the statute by the courts as evidenced by the unbroken practice of giving and reading instructions to the jury before argument, constitutes enough precedent to declare that such is the law. Before there was any statute, it was the practice for the attorneys to read from law books to the jury in connection with their argument of the facts. In Hutch. Code,

·on page 893, c. 61, art. 17, it was, among other things, provided that, when counsel or attorneys differed as to the law, the judge was required to instruct the jury as to the law in writing, either before or after the argument, when requested so to do by either party. From this custom and this statute our present law was evolved, becoming section 793, Code of 1906. The origin of the statute and the custom of practice abolished by it show that it was intended to remove from the field of dispute any question of law controlling the case, insofar as the jury were concerned, by making the law of the case emanate from the court alone; in short, to have the court settle the law of the case before the argument began. The instructions are intended to aid both counsel and the jury in the interpretation of the facts, and both the litigating parties and jury are entitled to have the whole case before them when argument is made, both of law and fact, and not left to be speculating as to what the court will declare as to the law after the facts have been fully argued. If there has been any exception to this unbroken practice, it may be considered as the exception proving the rule, and certain it is that no case like the one here presented has ever been before the court prior to this. The action of the court in this csae is without warrant under our law, in my judgment. It approximates the practice in the federal courts, but the state practice is widely different; and, since the legislature has seen fit to make this change, the trial courts should not attempt any innovation on the well-settled rule.