STATE *v.* JOHNSON.

(Division A. May 29, 1933. Suggestion of Error Overruled June 12, 1933.)

[148 So. 389. No. 30436.]

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Magruder, Walker & Magruder,** of Starkville, for appellee.

James T. Crawley and J. G. Smythe, Jr., both of Kosciusko, amici curiae.

594

**Smith, C. J.,** delivered the opinion of the court.

The appellee, a banker, was tried on an indictment charging him with receiving money on deposit knowing his bank was insolvent. The jury acquitted him, and there was a judgment accordingly. The appeal is by the state under paragraph (2) of section 19, Code of 1930, which provides that: "The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases: . . . (2) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the Supreme Court shall nevertheless decide the question of law presented." The constitutional validity of the statute is not here challenged, and we will not raise the question ourselves, but see United States v. Evans, 213 U. S. 297, 29 S. Ct. 507, 53 L. Ed. 803.

A part of the assets of the bank alleged to be insolvent consisted of deposit certificates issued by the superintendent of banks under the Bank Deposit Guaranty Law, chapter 124, Laws of 1914, and chapter 165, Laws of 1918, payable out of the bank depositors' guaranty fund, the face value of which together with accrued interest thereon amounted to about fifty thousand dollars. The state offered, but was not permitted by the court below, to prove that these certificates were worth very much less than their face value. It is common knowledge that the bank depositors' guaranty fund has for a number of years been insufficient for the payment of a large part of these guaranty certificates, so much so that by chapter 269, Laws of 1930, the Legislature authorized the issuance of state bonds to an amount sufficient for the payment of all of such certificates then outstanding, and directed that when sold the proceeds thereof should be so applied.

It is said in support of the ruling of the court below that the payment of these certificates was guaranteed by the state both in the bank depositors' guaranty law and chapter 269, Laws of 1930. The bank depositors' guaranty law simply provides for the payment of these certificates out of the deposit guaranty fund raised by a stated contribution thereto made by the banks annually. Chapter 269, Laws of 1930, simply provides for the sale of the state's bonds, the proceeds of which are to be applied to the payment of these certificates. Both of these statutes, of course, affect, but do not necessarily fix, the value of these certificates. There is no contention here that the bonds authorized have been sold, and for aught that we judicially know they may never be. If and when they are sold, and the money is available for the payment of these certificates, it would seem that they would then be worth their face value, but until that is done their value must be proved in the same way as the value of any other promise to pay money is proved. The evidence should have been admitted.

Under the statute governing this appeal we cannot reverse the judgment but simply express our opinion, for whatever it may be worth, on the ruling of the court below.