174

STATE *v.* SISK.

In Banc. May 8, 1950.

No. 37706 (46 So. (2d) 191)

**George H. Ethridge**, Assistant Attorney General, for appellant.

Sam E. Lumpkin and Ramon L. Burgess, for appellee.

**Smith, J.**

Beer and light wines, except for personal use, have been excluded by proper procedure from Monroe County. Section 10208, Code 1942, contains this provision: "Provided, however, that nothing in this section shall prohibit the consumer from possessing or the taking into any county electing to come from under this section said wines and beers for his personal consumption." Section 10207, Code 1942, made it lawful, when enacted, to possess beer of an alcoholic content of not more than four per centum by weight anywhere in the State. The Section 10208, therefore, in counties electing to bar said light wines and beers, authorized such prohibition, except where possessed for personal use only.

This will, perhaps, explain the verbiage of the affidavit against appellee which charged that he "did wilfully and unlawfully have in his possession 22½ cases and ninety-seven (97) loose bottles of intoxicating liquor, to wit beer, *for the purpose of sale*, . . ." (Italics supplied.) The surplus clause, "for the purpose of sale," evidently was intended to negative the exception that he had it for "personal use." City of Amory v. Yielding, 203 Miss. 265, 34 So. (2d) 726, where we discussed these statutes. The quoted language, "for the purpose of sale" is not in the statute.

The trial court sustained appellee's motion for an instruction peremptorily to the jury to return a verdict of not guilty. It is not deemed necessary to set out the evidence in the record, at any great length. The State of Mississippi appeals and assigns two errors. One, granting the peremptory instruction. Two, that the court below erred in excluding evidence offered by the State that the place of business of the defendant had a reputation of being a place where intoxicating liquors were sold. As to the first, we have several times declared that █ Section 1153, Code 1942, formerly Section 19, Code 1930, Section 16, Hemingway's 1917 Code, and

so on, does not authorize the State or a municipality to appeal from a judgment discharging a defendant on the ground that proof was insufficient to sustain conviction. City of Water Valley v. Davis, 73 Miss. 521, 19 So. 235; State v. Willingham, 86 Miss. 203, 38 So. 334; City of Pascagoula v. Cunningham, 141 Miss. 604, 106 So. 886; State v. Brooks, 102 Miss. 661, 59 So. 860. So, we dismiss that assignment without more ado.

However, we have entertained appeals by the State from adverse rulings on the admission or exclusion of evidence. State v. Ireland, 89 Miss. 763, 42 So. 797; State v. McMullins, 156 Miss. 663, 126 So. 662, 663; State v. Johnson, 166 Miss. 591, 148 So. 389. We, therefore, address ourselves to the second assignment of error.

The actual charge against appellee is the unlawful possession of beer, that is, possession not for his personal use. He is not being proceeded against for the operation of a public nuisance, but only for the misdemeanor mentioned. Manifestly, the evidence offered by the State, and to which appellee's objection was sustained, was an effort to prove that beer was kept for sale by appellee in the building involved. The question gets down to this, can such guilt of one in control of the building be proved by the reputation of his place of business? A sample of the interrogatories propounded to the State's witness is ''From contact of the people up there, ask you whether or not you know the reputation of that place as to whether it is a place where beer is kept or sold?''

Appellee interposed the objection that the defendant was charged with possession of beer for the purpose of sale (that is, not for his personal use), and that it was not sought to close the place because of being a nuisance. The Court said: ''In other words, the question is intended to ask Mr. Monaghan if he knows its reputation. Of course what other folks say or believe about it, on the ground of hearsay, is that your objection?'' Upon

being assured that it was, the court further said: "And on the ground of whether or not the general reputation of a place can be offered in evidence on the trial of a man for a thing of this kind, of having beer in his possession at this particular time?" To which counsel replied, "Yes, sir." A further question was then put to the State's witness by the prosecuting attorney, as follows: "Ask you about that reputation, is it good or bad?" Appellee thereupon made the additional objection that the admission of such testimony would violate the rule against the right of the State to attack the reputation of the defendant, where he had not first offered evidence of his good reputation. The court indicated that he would sustain the objections, but permitted the State to make a record; in the absence of the jury. At the conclusion thereof, the Court sustained appellee's objection to this testimony, that is, that the reputation of the place was bad, which was the ultimate form taken by the state's interrogations to the witnesses.

This is a case of first impression in Mississippi. However, the attorney general cites a case from Oklahoma, Buckley v. State, 69 Okl. Cr. 285, 102 P. (2d) 619, 622, wherein that Court said: "It has also been held that where a proper predicate was laid proof of the reputation of the premises was admissible, but that proof that defendant was a bootlegger was inadmissible", citing some Oklahoma cases. The Court also stated its reason for the rule to be: " '. . . that testimony tending to show that the defendant had previously sold other liquor, or kept other liquor for sale, is admissible on the question of intent, and if such liquors were kept at a place at which the public generally resorted, and the circumstances of the case indicated that such place was used for the purpose of selling intoxicating liquor, the general reputation of such place is admissible on the question of intent.' " Quoting from Kirk v. State, 11 Okl. Cr. 203, 145 P. 307.

In this State, as we read Section 2613, Code 1942, a defendant may be convicted, with increasingly severe penalties, for the first, second, or third offense of possessing intoxicating liquors as separate offenses, which would preclude evidence of other violations in the proof of a first offense; but admit proof of previous conviction or convictions thereof on charges of the second offense, or the third offense, respectively, as integral parts of the latter two offenses. This statute, it seems, precludes the application to this case of the Oklahoma rule that "testimony tending to show that the defendant had previously sold other liquor, or kept other liquor for sale, is admissible on the question of intent." It is to be remembered the statute under which appellee was tried made it a crime to possess beer in Monroe County, except for personal use. Its sale, although also embraced in Section 2613, supra, is a separate offense from its possession. The only use of proof of purpose of sale in the case, the record reflects, was to negative the anticipated defense that appellee possessed the beer for his personal use.

We have also another statute which has some relative bearing on the question, Section 2626, Code 1942, making the controller of the house indictable, in which it is provided that: "Proof of an unlawful keeping of such liquors, or of an unlawful sale, barter, or giving away thereof, in such building, shall constitute presumptive evidence of a violation of this section by any owner, lessee, sub-lessee, or occupant who has not given the information herein required . . ." But we have no statute or decision of this Court permitting the State to give in evidence the reputation of a building on the precise issue whether the defendant unlawfully possessed intoxicating liquors therein at the time of the offense on which he was then being tried, or any other time on the specific charge herein involved.

We have declared that in a prosecution for the wrongful sale of intoxicating liquors while the statute permits

proof of other *sales* than that relied on for a conviction, such sales must be shown to have taken place within the period of limitations, and must be proved with the same certainty as the sale relied on for conviction. Harvey v. State, 95 Miss. 601, 49 So. 268. We have also said that on a trial possessing intoxicating liquors, it was error to introduce in evidence the finding of liquors on a former occasion, constituting a separate and distinct offense, the provisions of the Code making it competent to introduce evidence of more than one offense, being without application to the unlawful *possession* of liquor, Lowe v. State, 127 Miss. 340, 90 So. 78. We have held, too, that in an indictment for fornication, general reputation in the neighborhood of the defendant, that he lived in fornication with a woman, is inadmissible, as it is hearsay evidence. Overstreet v. State, 3 How. 328, 4 Miss. 328, 1 Morr. St. Cas. 112.

All must concede that the State cannot introduce in evidence the general bad reputation of a defendant unless he first offers evidence of his good reputation. It would, indeed, be difficult for a jury to separate the reputation of a business or its housing from the reputation of him who does the business therein sought to be characterized as bad. The building is inert, the occupant is substantially the source of its reputation, and its reputation is largely his reputation, during his tenancy. ██ We do not think the court was in error when this testimony was excluded.

In our research we have found one other state other than Oklahoma where this question was involved in appellate court decision. In 92 A. L. R. 1232, in a Note, we find cited State v. Beswick, 13 R. I. 211, 43 Am. Rep. 26. "A statute of Rhode Island providing that it should not be necessary to prove an actual illegal sale of liquors in order to establish the fact that the liquors were kept at a place for sale, 'but the notorious character of any such premises, or the notoriously bad or intemperate

character of persons frequenting the same, or the keeping of the implements or appurtenances usually appertaining to grogshops, tipping shops, or places where such liquors are sold, shall be prima facie evidence that liquors are kept on such premises, for the purpose of sale,' was held unconstitutional and void as depriving the accused of life, liberty, or property, otherwise than by the judgment of his peers or the law of the land.'' The Court of Rhode Island used this illustration: ''Suppose . . . that the general assemby were to enact that, if any person were generally reputed to be guilty of a murder, it should be prima facie evidence that he was guilty, and that some citizens were convicted and sentenced to death or imprisonment on said evidence, because, in the absence of rebutting evidence, the jury had no option to acquit him. Could it be said that his life or liberty had not been taken from him by the judgment of his peers? We think not.'' ''In State v. Kartz, (1882) 13 R. I. 528, . . . a statute providing that 'every person who shall keep a place in which it is reputed that intoxicating liquors are kept for sale, without having a license therefor,' should be guilty of a crime, was likewise held unconstitutional and void.'' 92 A. L. R. 1232.

We have no such statutes, and although the jury in the case at bar would not have been conclusively bound by the offered evidence, it certainly would have been influenced thereby. The underlying philosophy behind the two decisions by the Rhode Island Court is that testimony of reputation in such cases should not be made the basis of conviction. The appellee here was charged with unlawfully having beer in his possession on or about the 30th day of July, 1949, and the general bad reputation, if it be conceded, was compelled to have been created prior to that time, since such reputation cannot be established in one day. It would, therefore, have been insufficient to sustain the charge that appellee was in unlawful possession of beer at that particular time. We think the

reputation of this building was incompetent in this case, and was properly excluded, and the judgment is affirmed, State v. McMullins, supra.

Affirmed.