415 So.2d 704 (1982)
STATE of Mississippi
v.
Lucious PARKS.
No. 53244.
Supreme Court of Mississippi.
June 9, 1982.
*705 Gerald W. Chatham, Hernando, for appellant.
Rhett R. Russell, Memphis, Tenn., for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of DeSoto County wherein Lucious Parks, defendant/appellee, was indicted for possession of a controlled substance, namely, approximately fourteen pounds of marijuana. The drug was seized from the trunk of Parks' automobile after Parks was stopped for violation of a traffic ordinance. The trial court sustained Parks' motion to suppress the evidence on the ground that the law enforcement officers were without justification for seizing Parks' automobile and that there was no probable cause to inventory the trunk of the automobile. From this finding the state appeals.

ON MOTION TO DISMISS APPEAL
Mississippi Code Annotated section 99-35-103 (1972) provides:
The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases:
(a) From a judgment sustaining a demurrer to, or a motion to quash an indictment, or an affidavit charging crime; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense.
(b) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the supreme court shall nevertheless decide the question of law presented.
(c) From a ruling adverse to the state or municipality in every case in which the defendant is convicted and prosecutes an appeal; and in such case the whole record shall be carried before the supreme court on the direct appeal, and the case shall be treated as if a cross appeal had been formally prosecuted by the state. All questions of law thus presented shall be decided by the supreme court.
In State v. Burrill, 312 So.2d 1 (Miss. 1975), we stated:
Burrill questions the right of the state to appeal, citing Mississippi Code 1972 Annotated section 99-35-103, which provides when the state or a municipality may appeal in a criminal cause. That statute does not control the appeal prosecuted by the state in the present case. The limitation placed on the state by the foregoing statute contemplates causes where there is an actual prosecution of a criminal cause to final judgment. Other than in criminal causes, the state has the same right as any other litigant to prosecute an appeal under the general appeals statute.
(312 So.2d at 3)
The state may not appeal a criminal case except where specific statutory authority grants it the right to do so. State v. Key, 93 Miss. 115, 46 So. 75 (1908).
In the following cases we have allowed the state to appeal from adverse rulings on the admission or exclusion of evidence. State v. Sisk, 209 Miss. 174, 46 So.2d 191 (1950); State v. Johnson, 166 Miss. 591, 148 So. 389 (1933); State v. McMullins, 156 Miss. 663, 126 So. 662 (1930); and State v. Ireland, 89 Miss. 763, 42 So. 797 (1906). However, an examination of these cases *706 reveals that there was a final judgment acquitting the defendant; therefore, the appeal was proper under subsection (b) of section 99-35-103.
24 C.J.S. Criminal Law section 1659 (1961) provides in part:

Suppression of evidence. As a general rule, orders for the suppression of evidence are not appealable. .. .
The appeal now sought by the state does not fall within any of the categories authorized by section 99-35-103. There was no judgment sustaining a demurrer to, or a motion to quash an indictment, or an affidavit charging crime. Nor was there a judgment rendered acquitting or convicting defendant. The appeal by the state is therefore interlocutory which is not authorized by statute and therefore must be dismissed.
For the above reasons, appellee's motion to dismiss the appeal is sustained and the appeal dismissed.
APPEAL DISMISSED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, BOWLING and HAWKINS, JJ., concur.