# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-IA-01526-SCT

*STATE OF MISSISSIPPI*

*v.*

*ANTHONY HICKS*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/03/1999 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES H. POWELL, III |
| ATTORNEY FOR APPELLEE: | W. S. STUCKEY, JR. |
| DISTRICT ATTORNEY: | JAMES H. POWELL, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | DISMISSED- 01/31/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/21/2002 |

### EN BANC.

### SMITH, PRESIDING JUSTICE, FOR THE COURT:

¶1. Anthony Hicks was indicted in the Circuit Court of Holmes County for the murder of Howard Sam Brown. Hicks filed a pre-trial motion to suppress DNA evidence used in the trial of Hicks's codefendant, Jontae Morris. The trial court granted Hicks's motion. Aggrieved by the trial court's ruling, the State filed this interlocutory appeal. Because we find that the State lacks statutory authority to prosecute this appeal, we need not address the merits of the State's argument. Accordingly, this appeal is dismissed.

## FACTS

¶2. On June 6, 1997, Morris and Hicks were indicted for the capital murder of Sam Brown. Brown was killed during the course of a robbery at his convenience store on January 28, 1997.

¶3. The Circuit Court of Holmes County severed the trials of Morris and Hicks. Morris went to trial May 13, 1998. He was found guilty of capital murder and sentenced to life imprisonment, without the possibility of parole, in the custody of the Mississippi Department of Corrections. On appeal the conviction and sentence were affirmed by this Court. *Morris v. State*, 777 So. 2d 16 (Miss. 2000).

¶4. Hicks was granted a change of venue. Hicks's trial was set to begin on August 30, 1999, in the Circuit Court of Madison County. On August 17, 1999, Hicks filed a motion to suppress DNA evidence obtained from Morris's blue jeans. Kelly Franovich, DNA analyst for the Mississippi Crime Laboratory, testified at Morris's trial that she extracted DNA samples from the front pocket of Morris's jeans and found that the DNA matched both Morris and Brown. Julie Golden, a DNA analyst for the defense, testified that the sample from Morris's jeans contained DNA from two donors. Golden's testimony was consistent with that of Franovich - the major donor was Brown and the minor donor was Morris.

¶5. The Circuit Court of Holmes County granted Hicks's motion to suppress the DNA evidence and denied the State's motion to reconsider. The State informed the court that it intended to pursue an interlocutory appeal and requested that Hicks's trial be stayed pending the appeal. On September 3, 1999, the circuit court certified its order for interlocutory appeal. In turn, this Court granted the State leave to bring this interlocutory appeal pursuant to M.R.A.P. 5.

## **DISCUSSION**

¶6. Though the issue of whether the State has standing to prosecute this appeal has not been raised by the parties, this Court may sua sponte address the question of standing. ***Benedict v. City of Hattiesburg***, 693 So. 2d 377, 381 (Miss. 1997). This Court cautiously reviews motions for interlocutory appeal to ensure that the appeal meets all requirements of Miss. Code Ann. § 99-35-103 (2000) and Rule 5 of the Mississippi Rules of Appellate Procedure. We have not been hesitant to dismiss when these requirements have not been satisfied. *See, e.g., **Crawford v. Wall***, 593 So. 2d 1014 (Miss. 1992) (rejecting petition for rehearing on interlocutory appeal because the petition did not present a question of law as to which there existed a substantial basis for a difference of opinion); ***American Elec. v. Singarayar***, 530 So. 2d 1319 (Miss. 1988) (no substantial basis for a difference of opinion on the procedural issue of the legal standards for the grant or denial of a preliminary injunction); ***State v. Parks***, 415 So. 2d 704, 705 (Miss. 1982) (holding that State's interlocutory appeal of defendant's sustained motion to suppress was not allowable under § 99-35-103).

¶7. The right of the state or a municipality to appeal is governed by Miss. Code Ann. § 99-35-103 (2000), which provides:

> The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases:
>
> (a) From a judgment sustaining a demurrer to, or a motion to quash an indictment, or an affidavit charging crime; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense.
>
> (b) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the Supreme Court shall nevertheless decide the question of law presented.
>
> (c) From a ruling adverse to the state or municipality in every case in which the defendant is convicted and prosecutes an appeal; and the case shall be treated as if a cross appeal had been formally presented by the state. All questions of law thus presented shall be decided by the Supreme Court.

¶8. This statute does not permit the State to appeal the trial court's ruling in this case. We have previously held that the State may not appeal a criminal case except where specific statutory authority grants it the right to do so. ***State v. Parks***, 415 So. 2d 704, 705 (Miss. 1982) (citing ***State v. Key***, 93 Miss. 115, 46 So. 75 (1908)). This prohibition is not limited to interlocutory appeal, but speaks to all appeals. *See, e.g., **State v. Insley***, 606 So. 2d 600 (Miss. 1992) (holding that the State had no right to appeal from and order granting acquittal notwithstanding the verdict.); ***State v. Lee***, 602 So. 2d 833 (Miss. 1992) (holding that the State had no right to appeal the failure of the trial court to impose a sentence of life without parole as

required by statute).

¶9. The facts of *State v. Parks*, 415 So. 2d 704, 705 (Miss. 1982), are procedurally similar to the case sub judice. In *Parks*, the defendant moved to suppress marijuana seized from the trunk of his automobile after he was stopped for a traffic violation. The trial court sustained his motion to suppress finding that the law enforcement officers had no justification for seizing the vehicle and there was no probable cause to inventory the trunk. The State filed an interlocutory appeal. We specifically held that interlocutory appeals from adverse rulings on the admission or exclusion of evidence are not within the allowable appeals enumerated in § 99-35-103. 415 So. 2d at 706. The State's appeal was dismissed. *Id.*

¶10. Rule 5 of the Mississippi Rules of Appellate Procedure specifically provides for, and governs, interlocutory appeals. Rule 5 states:

(a) **Petition for Permission to Appeal.** An appeal from an interlocutory order may be sought if the order grants or denies certification by the trial court that a substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:

(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or

(2) Protect a party from substantial and irreparable injury; or

(3) Resolve an issue of general importance in the administration of justice.

¶11. Though our decision in *Parks* predates the promulgation of the Rules of Appellate Procedure, the judicially enacted Rules of Appellate Procedure do not alter the applicability of § 99-35-103. Even considering Rule 5 in determining whether to grant an interlocutory appeal in this case, this case is not proper for Rule 5 certification and consideration by this Court. This Court has stated:

Before reaching the merits, a point need be made clear. Nothing in our new Rules places in the hands of the trial court the keys to this Court's front door. That the court below has given the Rule 5(a) certificate in no way precludes our de novo review of whether the rule's criteria have been met and whether the application for interlocutory appeal should be granted. This Court retains absolute authority to decide whether an interlocutory appeal should be granted, notwithstanding the rule's provision that the lower courts may assist us in the exercise of that authority. This is not to denigrate the role of the trial court in the interlocutory appeals process. That Court's proximity and sensitivity will often provide invaluable insights whether we ought exercise our authority and grant an interlocutory appeal.

*Singarayar*, 530 So. 2d at 1322. Considering Rule 5 as it might pertain to this case, neither of the three components apply to an admittedly critical but otherwise routine pre-trial evidentiary ruling by a trial judge.

¶12. As this Court observed in *State v. Insley*, 606 So. 2d 600, 602 (Miss. 1992), the United States Supreme Court held in 1892 that the government could not take an appeal in a criminal case without express statutory authority. *United States v. Sanges*, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 (1892). In discussing the "tradition of requiring that a prosecutorial appeal be affirmatively sanctioned by the same sovereign that sponsors the prosecution," the Supreme Court in *Arizona v. Manypenny*, 451 U.S. 232, 249, 101 S. Ct. 1657, 68 L.Ed. 2d 58 (1981), observed:

Both prudential and constitutional interests contributed to this tradition. The need to restrict appeals by the prosecutor reflected a prudential concern that individuals should be free from the harassment and vexation of unbounded litigation by the sovereign. This concern also underlies the constitutional ban against double jeopardy, which bars an appeal by the prosecutor following a jury verdict of acquittal. In general, both concerns translate into the presumption that the prosecution lacks appellate authority absent express legislative authorization to the contrary. This presumption was first announced as a rule of federal law in *United States v. Sanges*, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 (1892). There, the Court held that no appellate right by the Federal Government exists in the absence of express enabling legislation from Congress.

451 U.S. at 249 (citations omitted).

¶13. Though subsequent enabling legislation has granted the government severely limited appellate rights, the *Sanges* rule remains in effect. *Insley*, 606 So. 2d at 602. Even states which have statutorily allowed interlocutory appeals on pre-trial evidentiary rulings, have in most instances restricted such appeals to orders suppressing evidence for alleged violation of the constitutional rights of the accused under the Fourth, Fifth or Sixth Amendments to the Constitution of the United States. *See People v. Lindsey*, 660 P.2d 502 (Colo. 1983); *McPhadder v. State*, 475 So. 2d 1215 (Fla. 1985). The instant appeal would not be allowed in those states because it involves a ruling regarding relevance, and more particularly the question whether probative value outweighed prejudicial effect, not the suppression of evidence based upon the violation of any constitutional right of the accused tainting that evidence. *Id.*

¶14. A close reading of § 99-35-103 reveals a clear statutory prohibition, with only limited exceptions, against the State taking an appeal in criminal cases. This prohibition is a clear legislative pronouncement of the policy of this State regarding the conduct of criminal proceedings. As criminal proceedings are brought by the State, that expression of policy is not subject to modification by this Court except as may be necessary to protect the constitutional rights of the accused. Moreover, this Court would be ill advised to become involved in interlocutory review of routine pre-trial evidentiary rulings in limine as involved here.

¶15. This result is dictated by the principles of strict construction of the statutes and by judicial prudence. Pre-trial evidentiary rulings in limine are inherently subject to change depending upon what actually transpires at trial. For an appellate court to make a ruling regarding relevance and probative value relative to prejudice prior to trial suggests a binding ruling inconsistent with the nature of an ordinary trial court pre-trial ruling and with traditional trial practice.

## CONCLUSION

¶16. We conclude that the trial court's order is not properly subject to review on interlocutory appeal. Accordingly, this Court's prior order granting leave to bring this interlocutory appeal is vacated, and this appeal is dismissed.

¶17. **DISMISSED.**

**PITTMAN, C.J., McRAE, P.J., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**