312 So.2d 1 (1975)
STATE of Mississippi
v.
Edward J. BURRILL.
No. 48368.
Supreme Court of Mississippi.
April 14, 1975.
Rehearing Denied May 12, 1975.
*2 Albert Necaise, Dist. Atty., Gulfport, for appellant.
Alben N. Hopkins, Gulfport, for appellee.
Before GILLESPIE, ROBERTSON and SUGG, JJ.
GILLESPIE, Chief Justice.
Edward J. Burrill filed in the Circuit Court of Harrison County a motion to have a stenographic record made of the proceedings of the grand jury for inspection by Burrill's counsel. From the petition and the affidavit attached it appears that Burrill had been charged with murder and bound over to await the action of the grand jury at a preliminary hearing held by the county judge and that a transcript of the preliminary hearing was available to Burrill's counsel. The grounds alleged as justifying the motion are (1) matters (not specified) will occur before the grand jury which may constitute grounds for a motion to dismiss the indictment; (2) the evidence previously presented at the preliminary hearing was inadmissible because based on an illegal search; and (3) incompetent testimony will be produced before the grand jury in violation of Burrill's constitutional rights. No specific facts are stated.
The court entered an order, without proof other than the affidavit mentioned above, that the court reporter be sworn to secrecy and then make a full transcript "of all testimony and proceedings before the grand jury with respect to the charges against the defendant, Edward J. Burrill," and to transcribe an original and two copies to be delivered to the circuit clerk to be kept by him in a sealed envelope to be opened only upon further order of the court.
Thereafter, on the petition of the district attorney, the order was stayed by a Judge of this Court and an appeal was granted the state.

I.
The threshold question is whether the order of the circuit court requiring the presence of the court reporter to transcribe the proceedings of the grand jury is appealable by the state. This question has two points of inquiry.
(a) Is the order a final one:
Only final orders of the circuit court may be appealed, except certain questions involving damages, as provided by Mississippi Code 1972 Annotated section 11-51-3. What constitutes a final order is the crucial aspect of this question.
The Judges of the Supreme Court may allow appeals and grant supersedeas from a final judgment of the circuit court. Miss.Code 1972 Ann. § 9-3-33.
Determination of the question of finality requires an examination of the proceedings that resulted in the judgment or order involved. Burrill incorrectly assumes it is merely a preliminary procedural order in a murder prosecution. No murder *3 indictment or other criminal charge appears in the record and it is clear that Burrill had not been indicted. The proceeding does not carry a circuit court number, but was designated "Grand Jury Docket No. 1." In sum, the motion is the whole suit and all the action contemplated by this pleading has been taken and nothing remained for the court to do except execute the order. This necessarily is a final order. The judicial labor in this case or proceeding ended with the order and the rights of the parties were finally determined. The state, which had an interest in the matter, desired to appeal and determine if the order was lawful. To do so it had no alternative to proceeding to appeal as it did. Otherwise it would be required to submit to the order whether or not Burrill was indicted. "[T]he test of a final judgment is whether the judicial labor is at an end." Slatcoff v. Dezen, 72 So.2d 800, 801 (Fla. 1954). All issues raised by the motion were concluded and no further proceedings were to be had that could affect them. Thus the order was final. 47 Am.Jur.2d, Judgments § 1054 (1969); 4 Am.Jur.2d, Appeal and Error § 56 (1962).
(b) Is there statutory authority for the state to appeal?
Burrill questions the right of the state to appeal, citing Mississippi Code 1972 Annotated section 99-35-103, which provides when the state or a municipality may appeal in a criminal cause. That statute does not control the appeal prosecuted by the state in the present case. The limitation placed on the state by the foregoing statute contemplates causes where there is an actual prosecution of a criminal cause to final judgment. Other than in criminal causes, the state has the same right as any other litigant to prosecute an appeal under the general appeals statute.

II.
The final question is whether the order was lawfully issued. This question also has two points of inquiry.
(a) Does the law of this state authorize the presence of a stenographer at grand jury sessions?
Code section 13-5-61 is as follows:
A grand juror, except when called as a witness, in court, shall not disclose any proceeding or action had by the grand jury in relation to offenses brought before it, within six months after the adjournment of the court at which he was a grand juror, nor shall any grand juror disclose the name or testimony of any witness who has been before the grand jury on pain of fine or imprisonment for contempt of court.
Burrill relies upon cases from other jurisdictions. However, in each jurisdiction cited the court reporter is authorized either by statute or court rule to attend the sessions of the grand jury. There is no statute in this state authorizing the court reporter to attend sessions of the grand jury. The only persons authorized by statute to be present in the grand jury room are district attorneys, section 25-31-13, county attorneys, section 19-23-11, and the attorney general and his assistants, section 7-5-53.
We hold that Burrill had no right to have a stenographer in attendance upon the grand jury, nor was there lawful authority for the trial court to order an unauthorized person to attend sessions of the grand jury. Unauthorized persons should not be permitted to attend the grand jury sessions. Sanders v. State, 198 Miss. 587, 22 So.2d 500 (1945).
(b) Was it necessary in order for Burrill to secure a fair trial in the event of indictment that he have a record of the grand jury proceedings?
The petition filed by Burrill does not state any grounds that would entitle him to a transcript of the testimony before the grand jury. The motion makes general statements that the furtherance of justice and the protection of the constitutional rights of Burrill require the presence of *4 the stenographer at the grand jury session and the inspection of the minutes thereof. The only fact stated, being itself a conclusion, was that testimony would be introduced before the grand jury which was incompetent because it was the fruit of an unlawful search. Assuming this to be true, Burrill had a right to move for a suppression of this evidence once indicted. There was no occasion for the extraordinary procedure he invoked. Burrill's statement in his petition that the record of the grand jury proceeding might be grounds for a motion to dismiss the indictment is not a valid reason for the issuance of the order to record the proceedings.
The petition stated that it was necessary to have the proceedings of the grand jury recorded so that his counsel could inspect the transcript in order to enable him to show the "total absence of relevant testimony," to afford him the protection of the constitution and to be used as a ground for dismissing the indictment.
In the recent case of State v. Grady, 281 So.2d 678 (Miss. 1973), this Court, in order to preserve orderly procedure, raised on its own motion the question of whether a defendant may test the sufficiency of the evidence before the grand jury. In answering this question, the Court said:
If this procedure can be used, it would result in a pretrial hearing in practically every case to determine whether the state has sufficient evidence to support the indictment. This could only result in confusion and delay in the trial of a criminal case....
It is well settled in this state that neither a motion to quash nor any other pretrial pleading can be employed to test the sufficiency of the evidence to support the indictment... .
......
[T]he court will not examine the proceedings of the grand jury merely to see whether they acted on competent evidence, or whether it was legal; or in regard to the relevancy or legality of the testimony given before them. 281 So.2d at 680, 681.
Burrill filed a cross-appeal. All matters raised on the cross-appeal requiring comment have been disposed of in the foregoing opinion.
On direct appeal the judgment of the trial court is reversed and judgment rendered here vacating the order; on cross-appeal the case is affirmed.
Reversed and rendered on direct appeal; affirmed on cross-appeal.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.