## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01497-SCT

*WILLIE LEE JAMES a/k/a CHIP*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/97 |
| TRIAL JUDGE: | HON. ELZY J. SMITH, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES E. WEBSTER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED |
| DISTRICT ATTORNEY | LAURENCE Y MELLEN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION |
| DISPOSITION: | AFFIRMED - 1/21/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. James challenges the validity of his conviction under Miss. Code Ann. § 97-37-5, which prohibits convicted felons from possessing firearms. He questions the constitutionality of Miss. Code Ann. § 97-37-5. We conclude that Miss. Code Ann. § 97-37-5 is constitutional, and affirm his conviction and sentence accordingly.

## I.

¶2. On November 6, 1996, officers responded to a burglary call at the home of Latrenda James. On arrival, they encountered Willie James standing in the doorway with a shotgun under his chin and his thumb on the trigger. James proceeded to shoot himself in the abdomen after threatening suicide. James, who in his brief to this Court acknowledges the fact that he is a convicted felon, was subsequently indicted on December 9, 1996 for the crimes of burglary of a dwelling and for violation of Miss. Code Ann. § 97-37-5, which prohibits possession of a firearm after conviction of a felony, as an habitual offender under Miss. Code Ann. § 99-19-81. The burglary charge was dismissed by entry of nolle prosequi.

¶3. The trial court rejected his constitutional challenge to the weapon charge and James was found guilty on

the charge of possession of a firearm after conviction of a felony. He was thereafter sentenced to serve a term of three (3) years imprisonment in the Mississippi Department of Corrections, without possibility of probation or parole. James now appeals to this Court for relief.

## II.

*a.*

¶4. The standard for reviewing the constitutionality of a statute is well-settled in that this Court will strike down a statute on constitutional grounds only where it appears beyond all reasonable doubt that such statute violates the Constitution. *State v. Jones*, No. 97-CA- 00937-SCT, 1998 WL 350904, at *2 (Miss. July 2, 1998) (citing *Wells v. Panola County Bd. of Educ.*, 645 So. 2d 883, 888 (Miss. 1994)). Statutes are clothed with a heavy presumption of constitutional validity, and the burden is on the party challenging the constitutionality of the statute to carry his case beyond a reasonable doubt before this Court has authority to hold the statute, in whole or in part, of no force or effect. *State v. Mississippi Ass'n of Supervisors, Inc*., 699 So. 2d 1221, 1223 (Miss. 1997).

*b.*

¶5. Miss. Code Ann. § 97-37-5(1)(1994) states in pertinent part that:

> It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm. . . .unless such person has received a pardon for such felony, has received a relief from disability . . . .or has received a certificate of rehabilitation pursuant to subsection (3)[1] of this section.

James argues this code section violates the rights of citizens to keep and bear arms, as provided in Article 3, Section 12 of the Mississippi Constitution.[2] The State contends that the right to keep and bear arms is not absolute and is subject to the reasonable legislative exercise of the police powers of the State.

¶6. Finding no Mississippi cases addressing the constitutionality of Miss. Code Ann. § 97-37-5, we turn to authority from other jurisdictions concerning a state's ability to exercise its police powers by limiting the right to keep and bear arms.

¶7. Numerous jurisdictions have upheld the constitutionality of statutes such as the one we are now faced with on appeal. In *People v. Blue*, 544 P. 2d 385 (Colo. 1975), the defendants, convicted of violating Colorado's law prohibiting the possession of a firearm by a convicted felon, challenged their conviction under a constitutional provision protecting the right to bear arms which was very similar to the constitutional provision upon which James' claim is based. *People v. Blue*, 544 P. 2d at 390. The Colorado court, in finding the statute constitutional, reasoned that the statute was a legitimate exercise of police power, under which the state could make reasonable regulations for the purpose of protecting the health, safety and welfare of the people. *Id*. at 390-91.

¶8. In *State v. Amos*, 343 So. 2d 166 (La. 1977), the Louisiana Supreme Court concluded that a state statute prohibiting the possession of a firearm by convicted felons did not violate the constitutional guarantee set out in the Louisiana Constitution that the right of each citizen to bear arms shall not be abridged. *State v. Amos,* 343 So. 2d at 167-68. Like the Colorado court, the Louisiana court opined that such rights may be regulated in order to protect the public health, safety, morals, or general welfare so long as that

regulation is a reasonable one. *Id.* Likewise, the Michigan court upheld a similar statute as constitutional on the ground that it was a reasonable exercise of police power. *People v. Swint*, 572 N.W. 2d 666, 675 (Mich. Ct. App. 1997). Other jurisdictions upholding the constitutionality of statutes forbidding convicted felons to possess firearms include *State v. Ricehill*, 415 N.W. 2d 481, 484 (N.D. 1987); *McGuire v. State*, 537 S.W. 2d 26, 28-29 (Tex. Crim. App. 1976) and *Carfield v. State*, 649 P. 2d 865, 870-73 (Wyo. 1982).

¶9. Following the decisions of the foregoing cases, we conclude that Miss. Code Ann. § 97-37-5 is constitutional as a reasonable exercise of police power. As stated by this Court in *Great South Fair v. City of Petal*, 548 So. 2d 1289, 1291 (Miss. 1989), police power is the right of government to promote public health, safety, morals, general welfare, peace, and order, and public comfort and convenience. In limiting the possession of firearms by those persons who have been shown to present a threat to public safety, peace and order, the state is reasonably exercising its power to protect in the interest of the public. Thus, this assignment fails.

### III.

¶10. James next argues that Miss. Code Ann. § 97-37-5 should be read in pari materia with Miss. Code Ann. § 97-37-1.

¶11. Section 97-37-1 prohibits the carrying of concealed weapons, with exceptions that allow "person[s] over the age of eighteen (18) years to carry a firearm or deadly weapon concealed in whole or in part within the confines of his own home or his place of business, or any real property associated with his home or business . . ." Miss. Code Ann. § 97-37-1(2)(1994). Under the doctrine of in pari materia, each section of the Code dealing with the same or similar subject matter must be read together so that the legislative intent can be determined. *Mississippi Pub. Serv. Comm'n v. Municipal Energy Agency of Mississippi*, 463 So. 2d 1056, 1058 (Miss. 1985). In pari materia is to be invoked when the statute is ambiguous or doubtful and not where language of the statute is clear. *Hubbard v. McKey*, 193 So. 2d 129, 131 (Miss. 1966).

¶12. James contends that Miss. Code Ann. § 97-37-5 should be read with Miss. Code Ann. § 97-37-1 to permit a felon to possess a firearm in his own home.

¶13. Miss. Code Ann. § 97-37-1 regulates the carrying of concealed weapons. Miss. Code Ann. § 97-37-5, however, regulates the possession of firearms by convicted felons. Although both are statutory schemes to regulate weapons, it is a limitation on two different areas- the carrying of concealed weapons (the statute also prescribes penalties for convicted felons found in possession of a concealed weapon) and the possession of firearms and other weapons by convicted felons. If the legislature wanted to allow felons to possess firearms in their homes, it was perfectly capable of saying so. This assignment is without merit.

### IV.

¶14. For the foregoing reasons, the judgment of the circuit court is affirmed.

¶15. **DENIAL OF MOTION TO DISMISS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. Under subsection three, the court may grant a certificate of rehabilitation to a person convicted of a felony upon a showing that the applicant has been rehabilitated and has led a useful, productive, and law-abiding life since the completion of sentence. The court must also find that the applicant will not be likely to act in a manner dangerous to public safety.

2. "The right of every citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power when thereto legally summoned, shall not be called into question, but the legislature may regulate or forbid carrying concealed weapons."