¶ 1. Carl Vester Anderson appeals his conviction of possession of a controlled substance. Anderson argues that the circuit court erred in failing to suppress evidence discovered in an illegal stop, search and seizure; the court failed to grant a jury instruction presenting the defendant's theory of the case; and the conviction was against the overwhelming weight of the evidence. Since we find that the search violated Anderson's constitutional rights, we address no other issue. We reverse the conviction and order that Anderson be discharged.
 FACTS
¶ 2. At approximately 11:30 p.m. on October 3, 2000, Carl Anderson was stopped in his vehicle by Marion County Deputy Sheriff David Smith while driving on a main thoroughfare of Columbia, Mississippi. Deputy Smith had been following Anderson for an undisclosed distance. It was Deputy Smith's opinion that when Anderson stopped at a stop sign with the marked sheriff's car behind him, he paused for a suspiciously long time, approximately thirty seconds, before making a right turn. The new route formed a loop and returned the driver to the same main road. Deputy Smith did not follow Anderson onto this road but did observe him drive the loop without stopping or altering his speed, then turn back onto the main street and drive back in the direction from whence he came.
¶ 3. Deputy Smith stopped Anderson and asked him to step out of the vehicle. Anderson was noticeably nervous. Deputy Smith testified at trial that he could see part of a clear plastic bag protruding from the top of Anderson's pants. The deputy stepped very close to Anderson, pulled the pants away from Anderson's body, shone his flashlight down into the pants and saw *Page 950 
the contents of the bag, which appeared to be crack cocaine. Deputy Smith then removed the bag from Anderson's pants and placed him under arrest. The contents of the bag were 1.7 grams of crack cocaine.
¶ 4. The drugs were admitted into evidence at trial over objection. Anderson was convicted. He received a life sentence as an habitual offender.
 DISCUSSION
¶ 5. The court found that, under the totality of the circumstances, the stop was reasonable, and the cocaine in the clear plastic bag was in plain view subject to proper seizure.
¶ 6. The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. Const., amend IV.
¶ 7. No warrant is needed for a law enforcement officer briefly to detain an individual for questioning. The officer usually may pat the outer clothing of the individual who has been stopped to determine if a weapon is possessed. Terry v. Ohio, 392 U.S. 1, 30 (1968). Although such stops and limited searches may be permissible under the particular circumstances at their inception, they may become violative of the Fourth Amendment by exceeding the permissible scope. Id. at 19.
¶ 8. Another exception to a warrant requirement is usually termed "plain view." "If police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." Minnesota v. Dickerson, 508 U.S. 366, 375 (1993). However, if the incriminating nature of the object is not readily apparent, the plain view doctrine will not justify its seizure. Id. The plain view doctrine only forgives the lack of a warrant; it does not dispense with the requirement of probable cause. Arizona v. Hicks,480 U.S. 321, 326-27 (1986).
¶ 9. Deputy Smith admitted at trial that the plastic bag itself did not cause him to believe that he was in danger because of something indicated by the bag. Neither could he see what was within the bag until he pulled on Anderson's pants. The dissent finds all that is needed from the fact that the plastic bag in Anderson's pants was plainly visible.
¶ 10. The officer was questioned about his actions in several different ways and at different times — in the motion to suppress and later at trial, both on direct and on cross-examination. Only during cross-examination at trial, but once is enough, was he clear about whether he could see the drugs before pulling Anderson's pants away from his body: "I didn't see the crack cocaine until after I had pulled the pants back." At other times his answers were more ambiguous, but the one clear answer is controlling. Less clear was an answer of just when he thought he saw cocaine residue, apparently higher on the bag. The officer may have testified that he could see what might have been cocaine residue when he shone the flashlight down Anderson's pants but before he pulled on the pants. Regardless, the officer admitted that he only thought that "the residue was possibly crack cocaine." Observing the powdery substance itself did not create *Page 951 
probable cause. Instead, probable cause to believe that there were drugs in the bag existed only after the search of pulling Anderson's pants away from his body. Even if the suppression hearing failed to elicit this key fact, the officer's admission at trial should have caused the post-trial motion for a judgment notwithstanding the verdict to be granted, based on the absence of probable cause to search.
¶ 11. The United States Supreme Court held that a lesser degree of suspicion than probable cause is insufficient to permit police officers' moving potentially stolen electronic equipment in order to read identifying numbers that otherwise were not visible. Hicks, 480 U.S. at 324-25 ("distinction between `looking' at a suspicious object in plain view and `moving' it even a few inches" is critical under the Fourth Amendment). The plain view doctrine is unusable to justify physically moving objects in order to make visible what was previously concealed. The information being gained was by definition not in plain view.
¶ 12. Deputy Smith testified that when he saw "the plastic bag I got up on his body, because I was not sure exactly, you know, what it was. It could have been a plastic bag. It was definitely out of place, whatever it was was definitely out of place." Though crack cocaine may quite often be carried in plastic bags, and though having a plastic bag inside one's pants may be unusual, neither consideration creates probable cause to believe that there was cocaine. It took a look after pulling open Anderson's pants before probable cause existed. Only had the bag been hanging on the outside of the pants where the contents could be seen and identified without a search, might Smith have been justified in his actions. The use of the flashlight is not the search; it is the pulling on the pants.
¶ 13. We have already discussed the facts of the stop. The officer was suspicious because Anderson was driving a little below the speed limit, stayed too long at a stop sign, and went on a street that looped through a neighborhood without stopping. A collection of actions which, individually, are subject to innocent explanation may be sufficient to create reasonable suspicion under the totality of the circumstances.United States v. Arvizu, 534 U.S. 266, 274 (2002). However, mere hunches or "looking suspicious" is not sufficient to establish reasonable suspicion. Brown v. Texas, 443 U.S. 47, 52 (1979).
¶ 14. The collection of circumstances which led the officers to stop Anderson in the first place are of questionable value to create reasonable suspicion. The officers indicated that it was the absence of illegal behavior, such as speeding, which made Anderson suspicious to them, as well as his presence in a commercial part of town late at night. Since we find that the search was illegal, we do not need to decide whether the stop was justified. The justification certainly was weak. The dissent finds the stop to be proper. We simply do not resolve the question.
¶ 15. Because the trial court should have suppressed the evidence found from the search, there is no evidence of this crime available. We reverse and order Anderson discharged.
¶ 16. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT IS REVERSEDAND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
McMILLIN, C.J., KING, P.J., LEE, IRVING, CHANDLER AND GRIFFIS,JJ., CONCUR. BRIDGES, J., *Page 952 DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY THOMAS AND MYERS, JJ.