914 So.2d 209 (2005)
Paul Edward BONE, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00981-COA.
Court of Appeals of Mississippi.
May 24, 2005.
Rehearing Denied August 2, 2005.
Certiorari Denied November 3, 2005.
*211 Dan W. Duggan, Brandon, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Paul Bone, Jr. ("Bone") was convicted of possession of precursor chemicals in the Circuit Court of Rankin County. Bone was sentenced to serve sixty years in the custody of the Mississippi Department of Corrections, with thirty years suspended and five years of post-release supervision. He was also ordered to pay a fine of $25,000.
¶ 2. On appeal, Bone contends that the trial court erred in not granting his motion for judgment notwithstanding the verdict or, in the alternative, a new trial. Finding no error, we affirm.

FACTS
¶ 3. Bone was arrested for the possession of precursor chemicals. Investigator Farris Thompson testified that a confidential informant reported to him that the informant saw Bone and a female in Fred's purchasing several boxes of pseudoephedrine. Bone was next seen entering Kroger. Thompson went to Kroger where he saw Bone purchase two boxes of pseudoephedrine. Bone then went to a local hardware store, and Thompson saw him leave with a plastic bag. Thompson radioed a uniform officer to stop Bone after he left the hardware store.
¶ 4. Thompson questioned Bone after the stop but did not arrest him immediately. Bone told Thompson that he did not have any weapons with him. However, while questioning him, Thompson noticed a "bulge" in Bone's pocket. A metal case was discovered in Bone's front pant pocket. Thompson described the metal case as a "large metal type case with a marijuana leaf on the front" about one and a half inches thick. Thompson then opened the metal case where he found a marijuana cigarette. Bone was then arrested for possession of a controlled substance. After the arrest, Thompson searched Bone's vehicle and found 620 pseudoephedrine pills behind the seat of Bone's truck.
¶ 5. Bone was convicted by a jury of possession of precursor chemicals under Mississippi Code Annotated Section 41-29-313(Rev.2001). Bone filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied Bone's motion. On appeal, Bone asserts the trial court erred in: (1) failing to suppress the marijuana from the Terry search, (2) allowing the jury to hear evidence that Bone was in possession of marijuana, and (3) allowing the jury to hear evidence of Bone's prior conviction.

STANDARD OF REVIEW
¶ 6. We must consider all of the evidence in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. We may reverse only where the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. *212 Gleeton v. State, 716 So.2d 1083, 1087 (Miss.1998) (overruled on other grounds by Miss. Transp. Comm'n v. McLemore, 863 So.2d 31 (Miss.2003)).

ANALYSIS

I. Whether the trial court erred in admitting the marijuana found during the search.
¶ 7. The trial court denied Bone's motion to suppress the marijuana found during the investigative stop. Bone argues that Thompson was searching for precursors rather than weapons. He concludes that since he was not under arrest at the time of the "pat-down" search, Thompson should have obtained a warrant before searching the contents of the metal case.
¶ 8. First, we address the legality of the stop. A warrant is not required for a law enforcement officer to briefly detain an individual for questioning. Anderson v. State, 864 So.2d 948, 950(¶ 7)(Miss.Ct.App.2003). The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to conduct a brief investigative stop if the officer had a reasonable suspicion, based upon specific and articulable facts which, taken together with rational inferences from those facts, result in the conclusion that criminal behavior has occurred or is imminent. Terry v. Ohio, 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
¶ 9. Thompson's decision to stop Bone was reasonable. A clerk from Fred's informed Thompson that Bone had purchased a large amount of pseudoephedrine. Bone proceeded to Kroger. Thompson personally observed Bone purchase several boxes of pseudoephedrine at Kroger. Additionally, Thompson verified with the police department that Bone was driving his vehicle. Furthermore, Thompson received information regarding Bone's criminal history before proceeding with the stop. Given the available information, it was reasonable for Thompson to infer that Bone was purchasing these products with the intent to manufacture narcotics thereby validating the stop.
¶ 10. We next address Bone's second argument that the "pat-down" search was illegal. "The officer usually may pat the outer clothing of the individual who has been stopped to determine if a weapon is possessed." Anderson, 864 So.2d at 950(¶ 7), citing Terry, 392 U.S. at 30, 88 S.Ct. 1868. It is not necessary that the officer know with certainty that a suspect is armed before the limited Terry search is permissible. Id. at 27, 88 S.Ct. 1868. If the reasonably prudent man would be warranted in believing his safety or the safety of others is at risk under the circumstances, he may take the allowable steps to assure his personal safety. Id.
¶ 11. Thompson saw a bulge in Bone's pocket, and for his safety, he thought it necessary to investigate. He testified that "in today's society ... we have cell phones that have weapons in them; we have cigarette lighters that have switchblade knives in them ... [and] the criminals are coming out with everything." Thompson concluded that since he had never seen this type of case before, he was "not going to take anyone's word" that the case did not contain a weapon. Thompson's belief that a pat-down was necessary was certainly reasonable. Accordingly, we find that this issue is without merit.

II. Whether the trial court erred in allowing testimony regarding Bone's possession of marijuana.
¶ 12. We next consider whether the trial court erred in allowing testimony regarding Bone's possession of marijuana. Although the marijuana was not the point of Thompson's search in the first place, *213 such chance discovery does not require suppression. Michigan v. Long, 463 U.S. 1032, 1050, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). Thompson did not discover the marijuana by exceeding the scope of the permissible search of Bone. "He did not discover it by prying into objects which could not have reasonably held a weapon, such as a matchbox or small flat envelope." Hill v. State, 865 So.2d 371, 377(¶ 17)(Miss.Ct.App.2003). Rather, Thompson testified that the metal case containing the marijuana was one and a half inches thick. A small weapon, such as a knife, could have easily fit into such a container.
¶ 13. The trial court correctly determined that the evidence was properly seized and its admission at trial was proper. This issue is also without merit.

III. Whether the trial court erred in admitting testimony regarding Bone's past conviction.
¶ 14. Finally, Bone argues that the trial court improperly admitted testimony of his prior criminal history. Bone alleges that the trial court erred by allowing Thompson's testimony wherein he stated that "a Paul Bone, Jr., had a criminal history back in 1994 for possession of methamphetamine."
¶ 15. Evidentiary issues are decided under an abuse of discretion standard. Lindsey v. State, 754 So.2d 506, 511(¶ 23)(Miss.Ct.App.1999). A case may be reversed based on the admission of evidence only if the admission results in prejudice and harm or the admission affects a substantial right of a party. Smith v. State, 839 So.2d 489, 495(¶ 8)(Miss.2003).
¶ 16. Character evidence is not admissible to prove that one acted in conformity therewith. M.R.E. 404(a). Evidence of another crime or prior bad act is not usually admissible. Ballenger v. State, 667 So.2d 1242, 1256 (Miss.1995). However, according to Rule 404(b), evidence of other crimes or bad acts may be admissible to prove identity, knowledge, intent, motive or to prove scienter. Simmons v. State, 813 So.2d 710, 716(¶ 30)(Miss.2002) (citations omitted).
¶ 17. Upon finding that the evidence is admissible under M.R.E. 404(b), the court must still consider whether the evidence passes the Mississippi Rule of Evidence 403 filter. Simmons, 813 So.2d at 716(¶ 33)(Miss.2002) (citations omitted). Mississippi Rule of Evidence 403 provides that otherwise admissible evidence may be excluded where the risk of undue prejudice substantially outweighs the probative value of the evidence.
¶ 18. Here, the State did not offer evidence of Bone's prior possession of methamphetamine to show Bone's character. Instead, the State claimed at trial that this evidence was presented to show Bone's knowledge of this particular crime. The trial court overruled Bone's objection and issued the following curative instruction:
Instruction Number 3: The Court instructs the jury that the testimony regarding the prior conviction of Paul Edward Bone, Jr., for the unlawful possession of methamphetamine in 1994 was offered in an effort to prove motive, intent, preparation, plan, knowledge, identity, or absence or mistake on the part of the defendant's knowledge concerning the use of precursor chemicals or drugs in the manufacturing of methamphetamine.
However, you cannot and you must not simply infer that the defendant acted in conformity with his previous acts and that he is therefore guilty of the charges for which he is presently charged. You shall give this testimony such weight *214 and credibility as you deem proper under the circumstances.
¶ 19. Thompson's testimony had no prejudicial effect. Bone does not offer any proof of how his prior conviction's probative value is outweighed by its potential prejudice. Rather, Bone merely asserts that he was prejudiced. As stated, the trial judge found that Bone's prior conviction was relevant under M.R.E. 404(b) because it proved that Bone had "knowledge concerning the use of precursor chemicals or drugs in the manufacturing of methamphetamine."
¶ 20. The trial judge expressly considered Rule 403 and granted a limiting instruction which was given to the jury in the form of jury instruction number three. We find that the trial court did not err in admitting the evidence of Bone's prior conviction under Rule 404(b). Therefore, this issue is also without merit.
¶ 21. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF PRECURSOR CHEMICALS AND SENTENCE OF SIXTY YEARS WITH THIRTY YEARS SUSPENDED AND FIVE YEARS POST-RELEASE SUPERVISION AND FINE OF $25,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., CONCURS IN RESULT ONLY.