# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CA-00964-SCT

*WILLIAM ANDREW FRANCIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/22/2022 |
| TRIAL JUDGE: | HON. KELLY LEE MIMS |
| TRIAL COURT ATTORNEYS: | JOHN DAVID WEDDLE |
| | JOSHUA SHEY WISE |
| | GREGORY M. HUNSUCKER |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GREGORY M. HUNSUCKER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/30/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., MAXWELL AND BEAM, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     William Francis appeals the Lee County Circuit Court's order denying his petition for a certificate of rehabilitation under Mississippi Code Section 97-37-5(1) and (3) (Supp. 2023), which would allow restoration of his right to possess a firearm. We affirm the circuit court's order.

## PROCEDURAL HISTORY

¶2.     In 2010, Francis pleaded guilty to felony fleeing resulting in the death of Mississippi Highway Patrol Officer Steve Hood. The circuit court sentenced Francis to forty years in the

custody of the Mississippi Department of Corrections, with thirty-three years suspended and five years of post-release supervision. After serving approximately two years of his sentence, Francis was placed on post-release supervision; he was discharged from post-release supervision in 2016.

¶3. In 2020, Francis petitioned the circuit court for a certificate of rehabilitation "to restore his Second Amendment rights." The State responded to the petition claiming that Francis "does not qualify for rehabilitation under [Section] 97-37-5(3) as there is no assurance that [Francis] will not likely act in a manner dangerous to public safety." Both Francis and the State submitted numerous affidavits and letters from individuals either for or against Francis's receiving a certificate of rehabilitation.

¶4. Without conducting a hearing, the circuit court entered an order denying the petition, stating as follows: "The [c]ourt, in its discretion under [Section] 97-37-5(3), does hereby **DENY** Petitioner William[] Andrew Francis's Petition for Certificate of Rehabilitation."

¶5. Francis filed a notice of appeal. The State subsequently filed a motion with this Court asking that Francis's appeal be dismissed because the denial of a certification of rehabilitation is not an appealable order. This Court passed the motion for consideration with the merits of Francis's appeal. Order, *Francis v. State*, No. 2022-CA-00964 (Miss. June 13, 2023).

¶6. Francis asserts the following arguments in his appellate brief:

> I.   The statutory prohibition on [Francis's] exercise of his fundamental right to keep and bear arms should be lifted because he has been a rehabilitated, law-abiding, and productive citizen since his 2013 release, and is not likely to act in a manner dangerous to public safety.

2

II.     The [circuit] court's order disregarded the standard of Rule 56 [of the Mississippi Rules of Civil Procedure]; its denial of a hearing violated [Francis's] due process rights.

III.    The statutory prohibition on [Francis's] exercise of his right to keep and bear arms recognized by the Second Amendment and by Article 3, Section 12 of the Mississippi constitution, is unconstitutional.

¶7.     In response, the State maintains the appeal should be dismissed because the denial of a certification of rehabilitation is not an appealable order. But, if this Court reaches the merits of Francis's appeal, the State submits that the circuit court's order should be affirmed because the circuit court did not abuse its discretion by denying Francis's petition. The State further contends that Francis's challenge to the constitutionality of the statute prohibiting felons from possessing firearms is not properly preserved for appellate review because Francis did not present the claim to the circuit court. Alternatively, the State submits that Francis's constitutional claim is without merit since this Court has previously upheld the prohibition of possession of firearms by felons under Section 97-37-5 as constitutional. *See James v. State*, 731 So. 2d 1135, 1137 (Miss. 1999).

**DISCUSSION**

¶8.     At the outset, we disagree with the State's claim that this is a nonappealable order. *State v. Burrill*, 312 So. 2d 1 (Miss. 1975), is instructive.

¶9.     In *Burrill*, the state appealed a circuit court's order granting an unindicted criminal suspect's "motion to have a stenographic record made of the proceedings of the grand jury for inspection by [his] counsel." *Id.* at 2. The petitioner challenged the state's appeal before

3

this Court, claiming that the circuit court's order constituted an interlocutory, procedural order in a criminal case. ***Id.***

¶10. The ***Burrill*** Court rejected that claim. For the Court, Chief Justice Gillespie wrote that "[o]nly final orders of the circuit court may be appealed . . . ." ***Id.*** "What constitutes a final order is the crucial aspect of this question." ***Id.***

¶11. Chief Justice Gillespie explained:

> Determination of the question of finality requires an examination of the proceedings that resulted in the judgment or order involved. Burrill incorrectly assumes it is merely a preliminary procedural order in a murder prosecution. No murder indictment or other criminal charge appears in the record and it is clear that Burrill had not been indicted. The proceeding does not carry a circuit court number, but was designated 'Grand Jury Docket No. 1.' In sum, the motion is the whole suit and all the action contemplated by this pleading has been taken and nothing remained for the court to do except execute the order. This necessarily is a final order. The judicial labor in this case or proceeding ended with the order and the rights of the parties were finally determined.

***Id.*** at 2-3.

¶12. Chief Justice Gillespie added further that "[t]he state, which had an interest in the matter, desired to appeal and determine if the order was lawful. To do so it had no alternative to proceeding to appeal as it did. Otherwise it would be required to submit to the order whether or not Burrill was indicted." ***Id.*** at 3.

¶13. In the instant matter, Section 97-37-5(3) allows persons convicted of a felony to petition the circuit court for a certificate of rehabilitation after the completion of their sentence to restore their right to possess firearms. It provides, in part, as follows:

> The court may grant such certificate in its discretion upon a showing to the satisfaction of the court that the applicant has been rehabilitated and has led a

4

useful, productive and law-abiding life since the completion of his or her sentence and upon the finding of the court that he or she will not be likely to act in a manner dangerous to public safety.

Miss. Code Ann. § 97-37-5(3) (Supp. 2023).

¶14. Francis petitioned the circuit court for a certificate of rehabilitation, which Section 97-37-5(3) provides him the right to do. The petition was "the whole suit and all the action contemplated by [Francis's] pleading has been taken and nothing remained for the court to do except execute the order" granting or denying Francis a certificate of rehabilitation. *Burrill*, 312 So. 2d at 3. The right granted to Francis by Section 97-37-5(3) to petition the circuit for a certificate of rehabilitation was finally determined. The circuit court's order denying Francis a certificate of rehabilitation constitutes a final order.

¶15. On the merits of the circuit court's order, we find no abuse of discretion in the circuit court's decision. As mentioned, numerous affidavits and/or letters were submitted to the circuit court for or against Francis's petition. Those against Francis's petition submitted that Francis not only acted in a reckless manner that was a danger to himself and Officer Hood, but his conduct was also a danger to public safety. Those in favor of Francis's petition submitted that Francis has since been leading a useful, productive, law-abiding life that demonstrates that he will not be likely to act in a manner dangerous to public safety. These affidavits and/or letters were for the circuit court's sole consideration on the matter.

¶16. Section 97-37-5(3) does not require a hearing, and it cannot be said that the circuit court's failure to conduct one violates Francis's rights to due process. Francis's due process rights were satisfied during the criminal proceedings for his felony-fleeing charge. Francis

elected to plead guilty to the charge rather than take the case to trial in front of a jury.[1] And we can only presume that Francis knew and understood the consequences of his guilty plea—one being the prohibition under Section 97-37-5(1) against persons convicted of a felony from possessing "any firearm."

¶17. Lastly, we agree with the State that Francis's constitutional claims are barred from review on appeal. Francis did not raise such claims in the circuit court. *See* ***Barnes v. Singing River Hosp. Sys.***, 733 So. 2d 199, 202-03 (Miss. 1999) ("The law has been well settled that the constitutionality of a statute will not be considered unless the point is specifically pleaded." (internal quotation marks omitted) (quoting ***Smith v. Fluor Corp.***, 514 So. 2d 1227, 1232 (Miss. 1987))). Procedural bar notwithstanding, this Court has upheld Section 97-37-5's prohibition of possession of firearms by felons as constitutional. *See* ***James***, 731 So. 2d at 1137.

## CONCLUSION

¶18. The State's motion to dismiss this appeal is denied, and the circuit court's order denying Francis's petition for a certificate of rehabilitation is affirmed.

¶19. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

---

[1] In response to the State's opposition to Francis's petition for certificate of rehabilitation, Francis (through counsel) submitted to the circuit court that if the case had gone to trial instead of Francis's pleading guilty, there likely would have been no felony conviction.