**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2023-KA-00299-COA**

**MYRON DAKEEM BROWN A/K/A MYRON BROWN**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2023 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ZAKIA BUTLER CHAMBERLAIN FARRIS LEE FRANCIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| DISTRICT ATTORNEY: | BRAD THOMPSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/20/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Following a jury trial in the Jones County Circuit Court, Myron Dakeem Brown was convicted of possession of a firearm by a felon in violation of Mississippi Code Annotated section 97-37-5 (Rev. 2020). Brown appeals, asserting that section 97-37-5 is unconstitutional under the Second Amendment to the United States Constitution as applied to him.

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

¶2.     In June 2018, Brown pleaded guilty in state court to possessing ten units of

methamphetamine. He was sentenced to eight years "with the Mississippi Department of Corrections [(MDOC)], with three years to serve in the Intensive Supervision Program [(i.e., "house arrest")] and the remaining time suspended [on certain conditions]." As part of the house arrest, Brown wore a global positioning system (GPS) ankle monitor so that the MDOC would know his location at all times. After about six months, Brown was reported for violating the terms of his house arrest when he left his property. He was apprehended by police, and they found a firearm in his pants pocket.

¶3. Brown was charged with (1) possessing a firearm as a felon under section 97-37-5 and (2) possessing a stolen weapon because the firearm had been reported as stolen. A one-day jury trial was held on February 8, 2023.

¶4. At trial, the testimony and evidence showed that in December 2018, the Jones County Circuit Court issued a warrant for Brown's arrest after his supervising officer at the MDOC reported him for a house arrest violation. Brown had left his property. Officers Carroll Windham and Mike Sumrall responded by driving to Brown's home and discovered he had left through a side door. They continued to search for him by tracking the GPS signal. Eventually, Brown cut off his ankle monitor so that the officers were then unable to locate him.

¶5. Weeks later, Officer Windham received a tip that Brown was sleeping in a car outside his home. Officer Windham, Officer Sumrall, and another officer found Brown and two other men asleep in the car. Although Brown cooperated with the officers by getting out of

2

the car, Brown's brother, who was one of the other men sleeping in the car, began "yelling" and the scene became "chaotic." To avoid the chaos, the officers handcuffed Brown, placed him in a patrol car, and drove away. About a quarter of a mile from the scene, they stopped again to pat Brown down. Brown was wearing coveralls over his other clothing. During the pat down, the officers found a handgun in Brown's pants under his coveralls. A cell phone video of the pat down taken by Officer Sumrall was shown to the jury.

¶6.    Investigator James Evans interviewed Brown after his arrest. The videotaped interview was played for the jury. Brown waived his *Miranda*[1] rights. During the interview, Brown admitted possessing the handgun. He told Investigator Evans that he had the gun for protection. Brown said he had been shot before and was "terrified" because the person who shot him was still "out there."

¶7.    After the State rested, the defense unsuccessfully moved for a directed verdict on both counts against Brown. Regarding count one (felon in possession), the defense argued that the State failed to present sufficient evidence that Brown possessed the handgun because his face was not shown in the cellphone video footage taken of the pat down. Regarding count two (possession of a stolen firearm), the defense argued that there was no evidence presented that Brown "knowingly or intentionally knew the gun was stolen."

¶8.    Brown did not testify in his own defense, and the defense did not present any other witnesses.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶9.     At no time during the course of the trial did Brown argue that section 97-37-5 (the felon-in-possession statute) was unconstitutional.

¶10.    At the conclusion of trial, the jury convicted Brown on the felon-in-possession count but acquitted him of the possession-of-a-stolen-weapon count. The trial court sentenced Brown to nine years in the MDOC's custody, with six years and six months to serve and two years and six months suspended on the condition that he successfully complete two years and six months of post-release supervision.

¶11.    Brown filed a "Motion for Judgment Notwithstanding the Verdict, or in the Alterative, Motion for a New Trial." He did not argue that section 97-37-5 is unconstitutional in that motion. The trial court denied Brown's post-trial motion. Brown appeals.

## STANDARD OF REVIEW

¶12.    "When addressing a statute's constitutionality, we apply a de novo standard of review, bearing in mind (1) the strong presumption of constitutionality; (2) the challenging party's burden to prove the statute is unconstitutional beyond a reasonable doubt; and (3) all doubts are resolved in favor of a statute's validity." *Clark v. Bryant*, 253 So. 3d 297, 300 (¶8) (Miss. 2018). In this regard, the statute in question "must be shown to be in direct conflict with the clear language of the constitution." *Id.* "The courts are without the right to substitute their judgment for that of the Legislature as to the wisdom and policy of the act and must enforce it, unless it appears beyond all reasonable doubt to violate the Constitution." *Id.*

## DISCUSSION

¶13. In *Francis v State*, the defendant, like Brown in this case, challenged the constitutionality of section 97-37-5 on appeal by asserting that it violated the Second Amendment and Article 3, Section 12 of the Mississippi Constitution. *Francis v. State*, 377 So. 3d 952, 954 (¶6) (Miss. 2023). The Mississippi Supreme Court found that the defendant's "constitutional claims are barred from review on appeal . . . [because the defendant] did not raise such claims in the circuit court." *Id.* at 955 (¶17).

¶14. The supreme court also held that "[p]rocedural bar notwithstanding, this Court has upheld Section 97-37-5's prohibition of possession of firearms by felons as constitutional." *Id.* (citing *James v. State*, 731 So. 2d 1135, 1137 (Miss. 1999)). In *James*, the supreme court analyzed this issue under Article 3, Section 12 of the Mississippi Constitution and concluded:

> [Section] 97-37-5 is constitutional as a reasonable exercise of police power. As stated by this Court in *Great South Fair v. City of Petal*, 548 So. 2d 1289, 1291 (Miss. 1989), police power is the right of government to promote public health, safety, morals, general welfare, peace, and order, and public comfort and convenience. In limiting the possession of firearms by those persons who have been shown to present a threat to public safety, peace[,] and order, the state is reasonably exercising its power to protect in the interest of the public.

*James*, 731 So. 2d at 1137 (¶9).

¶15. "[T]his Court cannot overrule Supreme Court precedent." *Evans v. State*, 282 So. 3d 659, 663 (¶14) (Miss. Ct. App. 2019) (quoting *Thompson v. State*, 230 So. 3d 1044, 1055 (¶36) (Miss. Ct. App. 2017), *cert. denied*, 229 So. 3d 121 (Miss. 2017)). Based on *Francis* and *James*, we find that Brown's assertions that section 97-37-5 is unconstitutional in violation of the Second Amendment and as applied to him are without merit. Accordingly,

5

we affirm Brown's conviction and sentence.

¶16.    **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**