# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00795-COA

**TIMOTHY R. TURNER**                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/10/2025 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| COURT FROM WHICH APPEALED: | YALOBUSHA COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | TIMOTHY R. TURNER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:  ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/05/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Timothy R. Turner appeals the Yalobusha County Circuit Court's dismissal of his motion for post-conviction collateral relief (PCR) filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 through 99-39-29 (Rev. 2020).  In his PCR motion, Turner challenged his conviction of possession of a firearm by a felon.  Turner asserted that Mississippi's felon-in-possession statute, Miss. Code Ann. § 97-37-5 (Rev. 2020), as applied to him, violated his Second Amendment right to keep and bear arms.  We affirm the circuit court's dismissal of Turner's PCR motion for the reasons stated below.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     On September 30, 2021, a Yalobusha County grand jury indicted Turner for one count of possession of a firearm by a felon as a violent habitual offender. *See* Miss. Code Ann. § 97-37-5; Miss. Code Ann. § 99-19-83 (Rev. 2020). On April 7, 2022, Turner subsequently pleaded guilty to an agreed-upon reduced charge of possession of a firearm by a felon as a nonviolent habitual offender. *See* Miss. Code Ann. § 99-19-81 (Rev. 2020). On the same day, the circuit court sentenced Turner to serve ten years in the custody of the Mississippi Department of Corrections. The sentencing order was entered on April 13, 2022, as reflected on the criminal docket for Cause No. 21-cr-00043-SM-1 in the Yalobusha County Circuit Court.[1]

¶3.     Turner filed his PCR motion on January 22, 2025, asserting that his Second Amendment right to arm himself so that he may "protect [his] family and self against bodily harm[ and] intrusions[] of others" was violated when his "ordinary firearm" was confiscated. As such, Turner asserted that the felon-in-possession statute, as applied to him, was unconstitutional. The circuit court dismissed Turner's PCR motion. Turner appealed.

**STANDARD OF REVIEW**

¶4.     "[T]his Court will not disturb the factual findings of a trial court in denying [a PCR

---

[1] We may take judicial notice of filing dates on a court docket. *See Badger v. State*, 290 So. 3d 377, 381 (¶14) (Miss. Ct. App. 2020). We further observe that although the circuit court's order details the documents the court relied upon from the underlying criminal case, the order does not "direct that certified copies of those documents be placed in the [PCR] motion cause number's file." M.R.C.P. 54(c). Nevertheless, we find "that the circuit court's failure to strictly comply with Rule 54(c) is harmless error" because "the relevant information [necessary for our decision on appeal] is included in the appellate record" or available on the public docket. *See Havercome v. State*, 387 So. 3d 1014, 1019 (¶16) (Miss. Ct. App. 2023).

motion] unless such findings are clearly erroneous." *Howell v. State*, 358 So. 3d 613, 614-15 (¶5) (Miss. 2023). "[W]here questions of law are raised[, however,] the applicable standard of review is de novo." *Id.*

## DISCUSSION[2]

¶5. As Turner asserted in the circuit court, he maintains on appeal that his conviction of possessing a firearm as a felon violates his Second Amendment right "to bear arms of self-protection in our homes for self defense." We find that Turner's assertions are without merit for the reasons addressed below.

¶6. The Second Amendment to our federal Constitution provides that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Although this right certainly encompasses "the right of *law-abiding, responsible citizens* to use arms in defense of hearth and home," *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) (emphasis added), this right is not without limitation. *Id.* at 626-27. The *Heller* Court explained, "Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely . . . held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." *Id.* at 626 (citations omitted). With this history in mind, the United

---

[2] The State asserts that Turner's PCR motion was untimely but mistakenly states that "Turner entered his guilty plea in the Yalobusha County Circuit Court on October 15, 2021." This is incorrect. As reflected in the circuit court's order denying Turner's PCR motion and on the criminal docket for Cause No. 21-cr-00043-SM-1 in the Yalobusha County Circuit Court, Turner entered his guilty plea on April 7, 2022, and was sentenced by the circuit court judge on that date. The sentencing order was entered on April 13, 2022. Accordingly, Turner's January 22, 2025 PCR motion was filed within the three-year statutory limitations period.

States Supreme Court made clear that "nothing in our opinion should be taken to cast doubt on *longstanding prohibitions on the possession of firearms by felons* . . . [among other] conditions and qualifications on the commercial sale of arms." *Id.* at 626-27 (emphasis added).

¶7.     Since *Heller*, the United States Supreme Court has continued to recognize that the Second Amendment does not bar laws prohibiting felons from possessing firearms. *See United States v. Rahimi*, 602 U.S. 680, 699 (2024) (pointing out *Heller*'s recognition that "many . . . prohibitions [on firearm possession], like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful'" (quoting *Heller*, 554 U.S. at 626, 627 n.26)); *N.Y. State Rifle & Pistol Assoc. Inc. v. Bruen*, 597 U.S. 1, 8 (2022); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (repeating the "assurances" stated in *Heller* that its opinion "did not cast doubt on such longstanding regulatory measures as '*prohibitions on the possession of firearms by felons*' [and other similar conditions]" (emphasis added) (quoting *Heller*, 554 U.S. at 626-27)).

¶8.     The Mississippi Supreme Court has similarly recognized that the Second Amendment right to keep and bear arms is not violated by statutes, like section 97-37-5, "limiting the possession of firearms by those persons who have been shown to present a threat to public safety, peace and order." *James v. State*, 731 So. 2d 1135, 1137 (¶9) (Miss. 1999);[3] *see*

---

[3] In *James*, the supreme court held that Mississippi Code Annotated section 97-37-5 (Rev. 1994) did not violate the Second Amendment. *James*, 731 So. 2d at 1137. Section 97-37-5 provided then, as it provides now, that "[i]t shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm . . . [unless certain conditions are met]." Miss. Code Ann. § 97-37-5(1) (Rev. 2020).

*Francis v. State*, 377 So. 3d 952, 955 (¶17) (Miss. 2023) (recognizing that "this Court has upheld Section 97-37-5's prohibition of possession of firearms by felons as constitutional").

¶9.     In the case before us, the circuit court expressly found that "Turner was not an 'ordinary, law-abiding citizen' at the time the gun was confiscated [from him]." *See Bruen*, 597 U.S. at 8; *Heller*, 554 U.S. at 635. On the contrary, at the time Turner was found in possession of a firearm in the underlying criminal case, "Turner had multiple violent felonies," including convictions "of manslaughter . . . on October 12, 1981; aggravated assault . . . on October 12, 1981; aggravated assault . . . on April 18, 1991; burglary of a dwelling . . . on April 18, 1991; aggravated assault . . . on June 6, 2007; felon in possession of a firearm . . . on May 2, 2016; and burglary of a dwelling . . . on February 3, 2021."

¶10.    Based on these circumstances, we find nothing "clearly erroneous" with the circuit court's finding that Turner was not an "ordinary, law-abiding citizen," and, accordingly, Turner's right to possess a weapon was not protected by the Second Amendment. Indeed, Turner does not deny he was convicted of the felonies listed by the circuit court in its opinion.

¶11.    Turner, however, asserts that Mississippi's felon-in-possession statute, as applied to him, is unconstitutional, citing *United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023), *rev'd & remanded*, 123 F.4th 183 (5th Cir. 2024). There, the United States District Court for the Southern District of Mississippi found that the federal felon-in-possession statute was unconstitutional as applied to Bullock because, according to the federal district court, the government failed "[to prove] that there is a historical tradition of disarming either

5

the violent or the dangerous. The government had to prove the underlying principle of disarmament before it could apply it to [] Bullock." *Id.* at 537.

¶12. The United States Court of Appeals for the Fifth Circuit, however, reversed the federal district court's decision, recognizing that in light of Bullock's prior convictions of aggravated assault and manslaughter, "[a] ban on [Bullock's] ability to possess a firearm 'fits neatly' within our Nation's historical tradition of firearm regulation." *United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024) (quoting *Rahimi*, 602 U.S. at 693-99), *cert. denied*, 146 S. Ct. 255 (2025). As such, the Fifth Circuit expressly maintained that "[t]he historical record demonstrates that legislatures have the power to prohibit dangerous people from possessing guns." *Id.* (internal quotation mark omitted).

¶13. We find that this principle applies here. As Turner's prior criminal record shows, and as the circuit court found, "Turner was not an 'ordinary, law-abiding citizen' [when his weapon] was confiscated." *See Bruen*, 597 U.S. at 8; *Heller*, 554 U.S. at 635. Rather, Turner is a felon "who [has] been shown to present a threat to public safety, peace and order." *James*, 731 So. 2d at 1137. Accordingly, we find that section 97-37-5, as applied to Turner, did not violate the Second Amendment. For the reasons detailed above, we affirm the circuit court's dismissal of Turner's PCR motion.

¶14. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**